## William Songer v. L. B. Wilson.

1. INSTRUCTIONS—*To Be Based upon the Evidence.*—Instructions should be based upon the evidence in the case and where the evidence is conflicting, they should state the law accurately.

Memorandum.—Assumpsit for real estate broker's commissions. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed October 28, 1893.

The opinion states the case.

SALMANS & DRAPER, attorneys for appellant.

CALHOUN, STEELY & JONES, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee was a real estate agent and had, in the person of one Hersberger, a prospective purchaser for a farm of 100

acres owned by the appellant. He and appellant ent[ ]ed
into a contract, by the terms whereof appellant was to acc[ ]pt
$60 per acre for the land and appellee to receive as compen-
sation, for inducing Hersberger to buy, all above the sum of
$60 per acre that could be procured from him.

The appellee contends that he brought the appellant and
Hersberger together and that they, in the presence of one
Bailey, appellee's agent, entered into a verbal contract for
the purchase and sale of the land at $62 per acre, but that
Hersberger, after the contract had been .concluded, having
learned that the appellant's price upon the farm was but $60
per acre, returned to the appellant, and in the absence of ap-
pellee or his agent, persuaded him to close the contract for
the farm at $60 per acre, and the sum of $25 in addition
thereto.

Appellee brought this action to recover as his compensa-
tion under the contract $2 per acre upon the 100 acres of
land so sold by appellant, and obtained a judgment in the
sum of $200, from which this appeal is prosecuted.

Appellee's right of recovery on the basis of $2 per acre,
rests upon his contention that Hersberger contracted to buy
the land at $62 per acre, as his compensation was to be only
the excess above $60 per acre.

Appellant denies that Hersberger ever contracted or
agreed to pay, or was willing to pay, $62 per acre. Hers-
berger, the appellant, and Bailey, an agent of the appellee,
were the only persons present when it is alleged a contract
was made for the sale of the land at $62 per acre.

The appellant and Hersberger testified that no such con-
tract was made and the latter denied that he ever agreed to
or was willing or ready to buy the farm at that price. Bai-
ley testified that the contract was made as the appellee con-
tends it was, and other witnesses testified to statements of
the appellee and of Hersberger, corroborative of the testi-
mony of Bailey. Appellee's right of recovery rested solely
upon the truth of this contention in his behalf.

This conflict of evidence presented a fair question of fact
for the determination of the jury, whose finding upon it

should not be disturbed, unless the court by erroneous instruction, improperly interfered with a fair and impartial consideration of the question as a pure question of fact.

Appellee's right of recovery rested solely upon this proposition, that Hersberger and the appellant entered into a contract for the purchase of the farm at $62 per acre, and that appellant permitted Hersberger to induce him to recede from the contract.

Unless the jury believed from a preponderance of the evidence that such a contract had been concluded between those parties, the appellee had no right to recovery. He was not to be compensated by way of any agreed commission upon the amount of the sale nor upon the basis of the reasonable value of his services, but he undertook to bring about a sale at a price in excess of the amount the appellant was willing to accept for the land, upon condition that he should receive such excess for his services.

Whether he did bring about such a sale, and thereby became entitled to such excess, was the question for the jury to decide; yet the appellee asked and obtained from the court, instructions wholly ignoring this material question upon which his right of recovery solely rested, and directing a verdict in his favor if his acts in any way conduced to a sale and Hersberger bought the land at any price whatsoever. To illustrate, the second and third and fifth instructions asked by, and given for the appellee, are as follows:

2. "If, after hearing all the evidence, you can say you can believe from a preponderance of the evidence, that the defendant put his real estate in the hands of the plaintiff for sale, and that the plaintiff brought the purchaser and defendant together, and that as a result the defendant sold the real estate in question to the buyer with whom the plaintiff had started the negotiations, then and in that case your verdict should be for the plaintiff, for whatever sum you may find due him according to the contract between them, if you find there was such a contract.

3. "The court instructs the jury, that when the owner of real estate puts the same into the hands of an agent

to sell on commission, and the agent brings the owner and purchaser together, and they then continue the negotiations and consummate the sale, the agent is entitled to his commission, even though the owner, in order to make the trade, agreed with the purchaser to take a less sum than was at first given to the agent.

5. "The court instructs the jury, that where plaintiff is employed by defendant to assist in selling a farm, with the promise of a certain compensation in case the same is effected, and such plaintiff does assist in bringing about a sale, he will be entitled to recover the sum agreed to be paid, even though the defendant had changed his proposition, with a view to dispense with the plaintiff's services, when the plaintiff received no notice of such fact. The commissions of a broker for the sale of real estate, are due when he had found a purchaser who buys the property, and his right to such commission is not affected by a modification or change of the terms of payment or purchase price, made between the buyer and seller, different from the price or terms first given by the seller to the broker."

Under the influence of these instructions the jury were warranted, even compelled, to hold the appellant liable to pay the appellee commissions at the rate of $2 per acre for each acre of land sold, if it appeared from the evidence, as it undisputably did, that the appellee assisted in bringing the appellant and Hersberger together, started negotiations between them, and that as a result the appellant sold his farm to Hersberger at any price.

The contract made the appellant liable to compensate the appellee for his efforts to bring about a sale only in case a buyer be procured who would pay more than $60 per acre, in which event appellee became entitled to the excess received above that sum. The second and third instructions apply to the case the rules of law applicable to the liability of a land owner who places his property in the hands of agents to be sold without any contract as to the commissions or compensation to be paid. The fifth applies the rule that governs the liability of such land owner when he employs

an agent to sell for him, and agrees to pay him unconditionally, a commission if a sale is effected.

Neither of them have reference to a case where the agent acts under a special contract, as did the appellee in the case at bar.

Under the law as declared by these instructions it was wholly immaterial for the jury to consider whether or not the appellee procured a purchaser who was willing to pay more than $60 per acre for the land. Yet upon the determination of that question of fact rested the sole right of the appellee to recover the judgment that was rendered in his favor.

Because of the misdirection of the jury by the instructions the judgment is reversed and the cause remanded.